IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JEFF DAVIS**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 2854 |
| | ) | |
| **CHICAGO DEPARTMENT OF AVIATION**, | ) | |
| **THE HERTZ CORPORATION**, **CITY OF** | ) | |
| **CHICAGO**, an Illinois Municipal Corporation, | ) | |
| and **JOHN DOE CORPORATION**, **JOHN DOE**, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Jeff Davis ("Davis") has filed this personal injury action against Chicago Department of Aviation, The Hertz Corporation, City of Chicago, John Doe Corporation and John Doe, with Davis' counsel having invoked diversity of citizenship as the predicate for federal jurisdiction. Because that effort is flawed in more than one respect, this Court is constrained to dismiss both the Complaint and this action for lack of subject matter jurisdiction.

To begin with, Complaint ¶ 3 does not identify Davis' state of <u>citizenship</u> as is required for diversity purposes, instead referring to him as "a <u>resident</u> of the state of Tennessee" (emphasis added). Although our Court of Appeals has repeatedly said that where that mistake is made a district judge "must" dismiss the complaint, this Court has viewed that mandate as overly Draconian in nature and often handles the issue in one of a couple of alternative ways that avoid that result.

Nor is that the only respect in which Davis' counsel have failed in the obligation to establish the requisite diversity of citizenship. For one thing, to describe The Hertz Corporation as "a foreign corporation registered to do business in the State of Illinois" (Complaint ¶ 4) does

not do the job prescribed by 28 U.S.C. Section 1332(c)(1) for identifying the dual citizenship of a corporate party. And for another, the Complaint does not explain whether the "Department of Aviation" (see Complaint ¶ 6) is or is not a suable entity and, if it is, what the requisite state of its citizenship would be.

But the most fatal defect in the Complaint's effort to establish federal subject matter jurisdiction is that in this instance Davis' counsel has named as additional defendants one or more John Doe Corporations (the subject of allegations in Complaint ¶¶ 13 and 14) and an individual "John Doe" (see Complaint ¶¶ 15 and 18-20). More than three decades ago this Court issued a brief opinion in John Hancock Mut. Life Ins. Co. v. Central Nat'l Bank in Chicago, 555 F. Supp. 1026 (N.D. Ill. 1983) that pointed out that the designation of someone such as the "John Doe" defendant in this action is "not necessarily problematic," but that does not extend to the manner in which Davis' Complaint adverts to the "John Doe Corporations 1-10."

Accordingly both the Complaint and this action must be and are dismissed because of the Complaint's failure to establish the existence of subject matter jurisdiction, a burden imposed on every plaintiff who seeks to enter the federal courthouse door. By definition, of course, such dismissal is without prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 11, 2016